IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENT G. SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-1194-HE |
| | ) | |
| MARY FALLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, a state prisoner appearing *pro se*, filed this § 1983 action against Mary Fallin, Governor of the State of Oklahoma, Robert Patton, Director of the Oklahoma Department of Corrections, Jason Bryant, Warden for James Crabtree Correctional Center, Terry Cline, Commissioner of the Health Department for the State of Oklahoma, Robert Doke, Fire Marshall of the State of Oklahoma, Jeffrey Hickman, Speaker of the Oklahoma House of Representatives, Brian Bingman, President Pro Tem of the Oklahoma Senate and Clark Jolley, Chairman of the Oklahoma State Senate Appropriations Committee. Plaintiff alleges that defendants violated the Eighth Amendment by demonstrating "deliberate indifference towards the risk of serious harm to himself, other inmates, prison staff, correctional officers and the public, by failing to take appropriate action to resolve the serious danger resulting from statewide prison overcrowding and understaffing." Doc. #1, p.3. Plaintiff also claims defendants intentionally inflicted emotional distress upon him in violation of state and federal law. He seeks monetary damages and declaratory and injunctive relief.

Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial

proceedings to Magistrate Judge Shon T. Erwin. The magistrate judge determined that plaintiff's claims for money damages against the defendants in their official capacities as state employees or officials are barred by the Eleventh Amendment and should be dismissed without prejudice. He also concluded defendants Hickman, Bingman, Jolley and Fallin are entitled to absolute legislative immunity with respect to the claims plaintiff asserts against them in their individual capacities. He recommends that plaintiff's claims against these defendants be dismissed with prejudice.

Insofar as plaintiff has attempted to state a claim that defendants have been deliberately indifferent to serious, inhumane conditions of confinement, the magistrate judge concluded his allegations are insufficient to state a constitutional deprivation. Much of his complaint is devoted, the magistrate judge notes, "to a discussion of the *potential* danger posed by overcrowded prisons." Doc. #8, p. 8 The magistrate judge concluded his other complaints, which pertain to "the actual conditions of *his* confinement, rise only to the level of discomfort or inconvenience." *Id.* The magistrate judge also determined that plaintiff failed to allege that the defendants acted with the required subjective intent necessary to be found liable under the Eighth Amendment. He recommended both that plaintiff's official capacity claims for prospective injunctive relief and the individual capacity claims against defendants Patton, Bryant, Cline, and Doke be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. 1915A(b)(1).

Insofar as plaintiff has attempted to seek damages for intentional infliction of emotional distress under § 1983, the magistrate judge concluded the claim fails for lack of

2

allegations that the emotional distress resulted in a physical injury. *See* 42 U.S.C. §1997e(e). To the extent plaintiff asserts a claim for the intentional infliction of emotional distress under state law, the magistrate judge recommends that the court decline to exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff has filed an objection to the Report and Recommendation. He challenges the magistrate judge's determination that defendants Hickman, Bingham, Jolly and Fallin are entitled to absolute legislative immunity, arguing that the defense is not available when a government official intentionally violates the law. He then claims that he has in his complaint sufficiently alleged facts demonstrating that defendants knew or should have known of the risk of serious harm to him and other inmates because of the overcrowded prison conditions. Plaintiff also states that he has asserted that his emotional distress was accompanied by physical injuries, specifically, severe headaches and stomach problems. And he asks that the court retain jurisdiction over his supplemental state law claims.

Having conducted the required *de novo* review, the court agrees with the magistrate judge's analysis, including his conclusion that plaintiff has failed to state an Eighth Amendment violation.[1] The court **ADOPTS** the Report and Recommendation.

Accordingly, plaintiff's official capacity claims for money damages against all defendants are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's official capacity claims

---

[1]*Assuming plaintiff's headaches and stomach problems satisfy the physical injury requirement of 42 U.S.C. § 1997e(e), because the court has concluded plaintiff has failed to state a constitutional violation, he is not entitled to recover damages under federal law for intentional infliction of emotional distress.*

for prospective injunctive relief and declaratory relief are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's individual capacity claims against defendants Hickman, Bingman, Jolley and Fallin are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining individual capacity claims against defendants Patton, Bryant, Cline, and Doke are **DISMISSED WITHOUT PREJUDICE**. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

Dated this 11th day of March, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE