# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENT G. SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1194-HE |
| ) | |
| MARY FALLIN, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights based on the conditions of his confinement. Chief United States District Judge Joe Heaton re-referred this matter to the undersigned magistrate judge for further preliminary proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff has filed an Amended Complaint. (ECF No. 37). For the reasons set forth below, all claims against five of the defendants named in the Amended Complaint should be dismissed upon initial review.

## I. PROCEDURAL HISTORY

Plaintiff's original Complaint (ECF No. 1) named eight defendants identified as follows: Defendant Mary Fallin, Governor of the State of Oklahoma; Defendant Robert Patton, Director of the Department of Corrections (DOC); Defendant Terry Cline, Commissioner of the Health Department for the State of Oklahoma; Defendant Robert Doke, Fire Marshall of the State of Oklahoma; Defendant Jeffrey Hickman, Speaker of

the Oklahoma House of Representatives; Defendant Brian Bingman, President Pro Tempore of the Oklahoma Senate; and Defendant Clark Jolley, Chairman, Oklahoma State Senate Appropriations Committee. (ECF No. 1:1-2).

Upon initial screening required by 28 U.S.C. § 1915A(a), this Court recommended *sua sponte* dismissal of Plaintiff's Complaint, finding some of the defendants entitled to legislative immunity and finding Plaintiff had failed to state a claim upon which relief may be granted. (ECF No. 8). The District Court adopted the Report and Recommendation and entered judgment against Plaintiff. (ECF Nos. 10-11).

Plaintiff appealed, and the Tenth Circuit Court of Appeals affirmed the District Court's judgment in part, reversed in part, and remanded the case to the District Court. (ECF No. 18).[1] Liberally construing Plaintiff's Complaint, the Tenth Circuit held that in Count I, Plaintiff made "two general allegations:" (1) that "staff shortages and overcrowding have strained sanitation facilities, food supplies, prison maintenance, and other programs;" and (2) that "the number of correctional officers overseeing inmates is so low as to constitute a substantial risk to inmate safety." (ECF No. 18:8). The Tenth Circuit affirmed this Court's finding that the allegations in the first sub-claim "rise merely to the level of discomfort or inconvenience and are not sufficiently serious to support an Eighth Amendment claim." (ECF No. 18:8). As to the second sub-claim, the Tenth Circuit held that Plaintiff had met his initial pleading burden because "[e]vidence

---

[1] *Savage v. Fallin*, ___ Fed. App'x. ___, 2016 WL 5416360 (10th Cir. Sep. 27, 2016).

that the inmate population is 'plagued with violence and the fear of violence' may support an Eighth Amendment Claim." (ECF No. 18:9) (*citing Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir. 1980)).

The Tenth Circuit affirmed the District Court's dismissal of all claims against Defendants Hickman, Bingman, Jolley, Cline and Doke.[2] The Tenth Circuit reversed the District Court's dismissal of Plaintiff's claims against Defendants Fallin, Bryan and Patton. The Tenth Circuit did not specifically address Plaintiff's claim of intentional infliction of emotional distress as to Defendants Fallin, Bryan and Patton. That issue and "any other issues not considered in this order and judgment" were, however, left "for consideration by the district court[.]" (ECF No. 18:12-13).

Upon remand, Plaintiff moved to amend his Complaint to add as a defendant Joe Allbaugh, the current Director of the DOC, and to add certain facts. This Court granted Plaintiff's Motion to Amend (ECF No. 23) to allow Plaintiff to add Mr. Allbaugh as a defendant and to assert any claims against him. (ECF No. 29). Plaintiff objected to the undersigned's restrictions regarding his Amended Complaint, and Chief Judge Heaton denied Plaintiff's objections in part, specifically noting that "many of Plaintiff's claims were dismissed and those dismissals were upheld on appeal." (ECF No. 36:2). The District Court granted Plaintiff's request to add Mr. Allbaugh as a defendant and to add

---

[2] In its Opinion, the Tenth Circuit misidentified some of the defendants. (ECF No. 18:4, 11). The ultimate result, however, is not affected by the misidentification. The dismissal of claims against Defendants Cline, Hickman, Bingman, Jolley, and Doke was affirmed on appeal.

3

"factual allegations included in Plaintiff's motion for leave to amend" that "relate to his claims against Governor Fallin, Defendant Bryant and Mr. Allbaugh." *Id.*

But Plaintiff did not follow the District Court's Order. Rather, Plaintiff has attempted to revive his claims against the five defendants whose dismissals were affirmed by the Tenth Circuit. As discussed in further detail below, the claims against Defendants Cline, Hickman, Bingman, Jolley and Doke should be dismissed upon initial screening of the Amended Complaint. Defendants Hickman, Bingman and Jolley are entitled to absolute legislative immunity, and Plaintiff has failed to meet the pleading requirement for the subjective prong of "deliberate indifference" to Plaintiff's safety as to Defendants Cline and Doke.

## II. SCREENING REQUIREMENT

As soon as practicable, the Court must review each complaint brought by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

## III. ANALYSIS

### A. Claims against Defendants Hickman, Bingman and Jolley

The claims brought against Defendants Hickman, Bingman and Jolley are based solely on legislative actions taken in the course of discharging their duties as Oklahoma

legislators. As in the original Complaint, Plaintiff's claims in the Amended Complaint are based on the allegedly inadequate budgetary funds allotted by the legislature to the DOC to relieve overcrowding. Plaintiff makes the same allegation against each of these defendants stating each is "well aware of the serious unconstitutional conditions of confinement in the Oklahoma prisons due to overcrowding and understaffing" but that each "has failed to take effective and adequate measures to cause the state Legislature to appropriate enough money for DOC to provide constitutional conditions, or to reduce the inmate population to come into constitutional compliance." (ECF No. 37:30). These claims are identical to the claims lodged against these defendants in the original Complaint. (ECF No. 1:31).

State legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities. *Bogan v. Scott–Harris*, 523 U.S. 44, 49 (1998). In its decision, the Tenth Circuit affirmed this Court's dismissal of the claims against these defendants:

> But Choices about prison funding are "discretionary, policymaking decision[s] implicating the budgetary priorities of the [state] and the services the [state] provides." *Id.* at 55–56, 118 S.Ct. 966. Thus, the legislator-defendants' alleged actions "bore all the hallmarks of traditional legislation," *id.* at 55, 118 S.Ct. 966, and they are entitled to legislative immunity.

(ECF No. 18:5) (alterations in original).

The Amended Complaint does not contain allegations that would change this result. But in an attempt to salvage his claims against these legislators, Plaintiff added a section to the Amended Complaint entitled "Legislative Immunity." (ECF No. 37:32-33).

5

Therein, Plaintiff states that legislators do not have "immunity for their administrative actions" and suggests his claims involve "administrative" rather than "legislative" actions. (ECF No. 37:32).

Plaintiff's newly asserted claim that the legislators' actions were "administrative" in nature is apparently the result of the Tenth Circuit's holding regarding some of the claims asserted against Defendant Fallin. The Tenth Circuit held Defendant Fallin was entitled to legislative immunity for "her alleged failure to prompt the legislature to provide additional funding" as that act is a quintessentially legislative policymaking decision. (ECF No. 18:6). But the Tenth Circuit held Defendant Fallin was not entitled to legislative immunity on claims lodged against her regarding "administrative" actions, such as the claim that she "failed to take proper administrative actions to reduce overcrowding, including causing delays in the implementation of programs." (ECF No. 18:6) (*citing Kamplain v. Curry Cty. Bd. Of Comm'rs*, 159 F.3d 1248, 1252 (10th Cir. 1998) (holding actions that do "not concern the enactment or promulgation of public policy" are not legislative in nature)).

In his Amended Complaint, Plaintiff adopted the language from the Tenth Circuit's opinion and now makes the vague assertion that his claims against Defendants Hickman, Bingman and Jolley involve "administrative" actions. (ECF No. 37:32). They do not. To determine whether defendants are entitled to legislative immunity, a court must look to the function that defendants were performing when the actions at issue took place and examine the nature of those actions. *Kamplain* at 1251. *See also*, *Bogan v.*

*Scott-Harris*, 523 U.S. 44, 54 (1998) ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."). "The essentials of the legislative function are the determination of the legislative policy and its formulation and promulgation as a defined and binding rule of conduct." *Kamplain* at 1251 (internal quotations and citations omitted). Moreover, "legislative actions" include actions related to the business before the legislative body. *Id.*³

Thus, Plaintiff's attempt to characterize his claims against Defendants Hickman, Bingman and Jolley as "administrative" is not successful. None of the actions of which Plaintiff complains could be considered "administrative" rather than "legislative."

Plaintiff also attempts to circumvent the inadequacy of his claims by contending the legislators' "conduct is not *legitimate*." *Id.* (emphasis added). Plaintiff cites the fact that "nine legislators, including Defendants Hickman, Bingman and Jolley, discussed holding the State budget hostage in an effort to reverse [a plan to ease overcrowding approved by the Board of Corrections]." (ECF No. 37:33). But the discussion he cites is clearly related to the business before the legislative body—the creation of the budget. His argument that the conduct of these defendants "does not fall within the realm of *legitimate* legislative action[,]" *id.*, also fails. Plaintiff argues legislators "act outside the scope of their employment when they engage in acts and omissions, which purposely sabotage instead of further the public interest." *Id.* But Plaintiff's subjective conclusion

---

³ Among the examples of non-legislative actions cited in *Kamplain* are: a legislature's impeachment proceedings because they are essentially judicial or adjudicatory in nature; a mayor's action to restore order and regulate discussions at a public meeting; and a municipality's employment decisions. *Kamplain* at 1251-1252.

that the actions of Defendants Hickman, Bingman and Jolley constituted "sabotage[ing] … the public interest" does not advance his cause. It is well settled that legislative immunity protects legislators from "the cost and inconvenience and distractions of a trial upon a conclusion of the pleader[.]" *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 405 (1979) (internal quotation and citation omitted). Additionally, legislators are immune from "the hazard of a judgment against them based upon a jury's speculation as to motives." *Id.* (internal quotation and citation omitted).

Defendants Hickman, Bingman and Jolley are entitled to absolute legislative immunity, and Plaintiff's claims against them should be dismissed with prejudice.

### B.     Claims against Defendants Cline and Doke

The Tenth Circuit affirmed this Court's dismissal of claims against the Commissioner of the Health Department, Terry Cline, and the Fire Marshall, Robert Doke. Plaintiff alleges in the Amended Complaint, as he did in the original Complaint, that despite regular inspections of JCCC, Defendants Cline and Doke have not taken appropriate action to "enforce the law." (ECF No. 37:29). The Tenth Circuit found that "[t]his allegation does not plausibly suggest that the heads of these agencies were personally aware of conditions at JCCC giving rise to a substantial risk that inmates would suffer serious harm." (ECF No. 18:11).

Once again, in defiance of the District Court's order allowing Plaintiff to amend his Complaint to add factual allegations against Defendants Fallin, Bryant, and Allbaugh only, Plaintiff has added bare factual allegations against Defendants Cline and Doke in

an attempt to resurrect his claims against them. In addition to his original allegations, Plaintiff now contends these department heads also read reports of substandard conditions generated by their subordinates and personally communicated with "various Wardens and DOC Directors . . ." (ECF No. 37:29).

These additional allegations are insufficient to overcome the deficits in Plaintiff's claims against Defendants Cline and Doke. To state an Eighth Amendment claim based on an inmate's conditions of confinement, the inmate must demonstrate that a defendant acted—or failed to act—with the requisite state of mind—deliberate indifference. Here, to state such a claim, Plaintiff would have to demonstrate that Defendants Cline and Doke failed to abate overcrowded conditions and that they did so with the requisite intent:

> A prison official's failure to prevent harm "violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). First, the prison official's act or omission must be "objectively, sufficiently serious" and "result in the denial of the minimal civilized measure of life's necessities.... [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (quotation marks and citations omitted). Second, the "prison official must have a sufficiently culpable state of mind," in this case "deliberate indifference to inmate health or safety." *Id.* (quotation marks omitted).

*Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001). Even a showing of simple, or heightened, negligence, if such a showing could be made, would not establish that Defendants Cline and Doke were subjectively aware of a potential risk to Plaintiff's safety. Moreover, subjective awareness requires that the defendant "must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must *also draw the inference*." Id. (*quoting Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (emphasis added).

Finally, Plaintiff has not demonstrated that these department heads could force the DOC, the governor, or the Warden to take measures to abate the alleged unconstitutional conditions.

As the Tenth Circuit found, Plaintiff has not satisfied the objective requirement of the test for deliberate indifference to Plaintiff's safety. Additionally, Plaintiff has failed to satisfy the subjective component of the test for deliberate indifference to Plaintiff's safety. Thus, the claims against Defendants Cline and Doke should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that all claims against Defendants Hickman, Bingman and Jolley be **DISMISSED WITH PREJUDICE** based on their entitlement to absolute immunity for legislative acts. 28 U.S.C. § 1915A(b)(2). The claims against Defendants Doke and Cline should be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 29, 2016**. Plaintiff is further advised that

failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation does not dispose of all issues referred to the undersigned magistrate judge in this matter.

ENTERED on December 12, 2016.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE