# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENT G. SAVAGE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-1194-HE |
| | ) | |
| MARY FALLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, a state prisoner appearing *pro se*, filed this § 1983 action against multiple defendants alleging they acted with deliberate indifference to serious danger resulting from prison overcrowding and understaffing. He claimed defendants violated his Eighth Amendment rights and also intentionally inflicted emotional distress upon him in violation of state and federal law. The case was referred to Magistrate Judge Shon T. Erwin for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The magistrate judge screened plaintiff's complaint under 28 U.S.C. § 1915A and issued a Report and Recommendation suggesting that the complaint be dismissed sua sponte, which the court adopted. Plaintiff appealed and the Tenth Circuit, "agree[d] with the bulk" of the order, but concluded that Savage's claims against defendants Robert Patton, Director of the Oklahoma Department of Corrections ("DOC"), and Jason Bryant, Warden for James Crabtree Correctional Center ("JCCC"), "alleging unsafe prison conditions were prematurely dismissed and that [Mary Fallin, Governor of the State of Oklahoma], is not entitled to legislative immunity with respect to her alleged administrative failures." Savage v. Fallin, 2016 WL 5416360, at *1

(10th Cir. Sept. 27, 2016). The appellate court remanded the case for further proceedings and it was referred again to the magistrate judge.

Plaintiff then requested leave to amend his complaint to "add the current Director of the Oklahoma Department of Corrections, Joe Allbaugh, as a Defendant," Doc. #23, p. 1,[1] and to add certain factual allegations specified in his motion in support of his existing claims. He stated that he was "not seeking to add any new claims." *Id.* at p. 2. Plaintiff was granted leave to add Joe Allbaugh as a defendant in his individual capacity and factual allegations in support of his existing claims against defendants. *See* Doc. #36.

Plaintiff filed an amended complaint and the magistrate judge again conducted a preliminary screening pursuant to 28 U.S.C. § 1915A. He has issued a Report and Recommendation, concluding that plaintiff's claims against defendants Jeffrey Hickman, Speaker of the Oklahoma House of Representatives, Brian Bingman, President Pro Tem of the Oklahoma Senate, Clark Jolley, Chairman of the Oklahoma State Senate Appropriations Committee, Robert Doke, Fire Marshall of the State of Oklahoma and Terry Cline, Commissioner of the Health Department for the State of Oklahoma should be dismissed. Plaintiff has filed an objection.

In his Report and Recommendation, the magistrate judge determined that plaintiff's attempt to revive his claims against the five defendants whose dismissals were affirmed by the Tenth Circuit falls short. He concluded that defendants Hickman, Bingman and Clark

---

[1]*Page references to briefs and exhibits are to the CM/ECF document and page number.*

Jolley are again entitled to absolute legislative immunity from liability under § 1983 because plaintiff's claims against them are based entirely on "actions taken in the sphere of legitimate legislative activity." Savage, 2016 WL 5416360, at *2. He rejected plaintiff's attempt to characterize these defendants' actions – when they allegedly were engaged in discussions about "holding the State budget hostage in an effort to reverse" a plan proposed by DOC Director Allbaugh to ease prison overcrowding – as "administrative" in nature. Doc. #37, pp. 32-33. The court agrees.[2]

In addition to repeating the allegations that he made in his initial complaint against defendants Hickman, Bingman and Jolley, plaintiff includes a new section in his amended complaint entitled legislative immunity. Doc. #37, pp. 32-33. In it he asserts that the three defendants are only entitled to legislative immunity for what he terms are legitimate legislative actions. He essentially claims that their immunity was stripped away when they failed to take steps needed to protect his constitutional rights and the rights of other Oklahoma inmates, correctional officers and staff members "by refusing to adequately fund the Department of Corrections, or releasing inmates on supervised release." Doc. #37, p. 32. Plaintiff alleges that state legislators were concerned about a plan proposed by DOC Director Allbaugh to close some Oklahoma prisons. He asserts that defendants Hickman, Bingman and Jolley, along with six other state legislators, "discussed holding the State budget hostage in an effort to reverse this plan, and had a meeting with Governor Fallin to discuss this." *Id.*

---

[2]*In considering plaintiff's amended complaint the court has construed his pro se pleading liberally.* Savage, *2016 WL 5416360, at *2.*

at p. 33. Plaintiff claims that when members of the legislature engage in such acts and omissions, which "purposely sabotage instead of further the public interest," they act "outside the scope of their employment" and their conduct "does not fall within the realm of legitimate legislative action." *Id.*

Defendants' entitlement to legislative immunity is not governed by the subjective standard plaintiff suggests. When determining whether the defendants' acts are "cloaked in legislative immunity," the court "look[s] to the function that [they] were performing when the actions at issue took place" and "examine[s] the nature of those actions." Kamplain v. Curry Cty. Bd. of Comm'rs, 159 F.3d 1248, 1251 (10th Cir. 1998) (internal citations omitted). "[A]t its core, the legislative function involves determining, formulating, and making policy." *Id.* As the magistrate judge concluded "the discussion [plaintiff] cites is clearly related to the business before the legislative body – the creation of the budget." Doc. #40, p. 7. Defendants were "speaking on, or investigating a legislative issue." Kamplain, 159 F.3d at 1252. Therefore, defendants Hickman, Bingman and Jolley are entitled to absolute immunity from liability because their acts were of a legislative, not an administrative, nature.[3]

With respect to defendants Cline and Doke, the magistrate judge determined that the additional factual allegations included in the amended complaint that pertain to these two

---

[3]*In his objection plaintiff states that he disagrees with the Tenth Circuit's decision. See Doc. #46, pp. 2-3 ("Plaintiff is also making a record that this decision was incorrect as a matter of law and should be revisited."). He also asserts that "[t]here is no federal statute or court rule granting absolute legislative immunity. This is judicially created in violation of the separation of power doctrine." Id. at p. 3. The court is bound both by the Tenth Circuit's decision and the judicially created doctrine of legislative immunity.*

4

defendants are insufficient to demonstrate that they acted with a sufficiently culpable state of mind. The Court again agrees.

Plaintiff initially "merely allege[d] that despite regular inspections of the JCCC," defendants Cline and Doke failed to "take[] appropriate action to enforce the law." Savage, 2016 WL 5416360, at *4. In his amended complaint he added allegations that these defendants read substandard inspection reports regarding JCCC and other facilities, which they personally discussed with the wardens and DOC Directors. Doc. #37, p. 29. Even with these additional allegations, plaintiff's claims against defendants Cline and Doke still fail to "plausibly suggest that [they] were personally aware of conditions at JCCC giving rise to a substantial risk that inmates would suffer serious harm." Savage, 2016 WL 5416360, at *4.

Assuming plaintiff had alleged facts sufficient to demonstrate that Cline and Doke acted with the required deliberate indifference, as the magistrate judge noted, the Tenth Circuit concluded that plaintiff's claims against defendants Cline and Doke, which were based on allegations that "staff shortages and overcrowdings [had] strained sanitation facilities, food supplies, prison maintenance, and other programs," failed to satisfy the objective component of an Eighth Amendment claim. Savage, 2016 WL 5416360, at *3. Plaintiff has not corrected that deficiency in the amended complaint.

In his objection, plaintiff "make[s] a record that the 10th Circuit was also wrong to affirm the District Court's dismissal without allowing Plaintiff any opportunity to respond or amend his complaint to allege that both of these Defendants [Cline and Doke] were

personally aware of unconstitutional conditions at JCCC." Doc. #46, p. 4. However, plaintiff did amend his complaint to add additional allegations against these defendants, which the court concludes are insufficient to demonstrate that each official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he also drew the inference." Savage, 2016 WL 5416360, at *4.[4]

Because plaintiff's allegations in his amended complaint fail to satisfy both the subjective and objective components of a deliberate indifference claim, his Eight Amendment claims against defendants Cline and Doke will be dismissed.

Plaintiff also asserted intentional infliction of emotional distress claims under state law[5] against the defendants, which the magistrate judge did not address. The doctrine of absolute legislative immunity bars these claims against defendants Hickman, Bingman and Jolley. See Hollyday v. Rainey, 964 F.2d 1441, 1443 (4th Cir. 1992).

As for defendants Cline and Doke, plaintiff's intentional infliction of emotional distress claims against them fail as he has not alleged the level of conduct required to impose liability for the tort of outrage. See Setzer v. Farmers Ins. Co., 185 Fed. Appx. 748, 754 (10th Cir. 2006) (noting that Oklahoma Supreme Court had "characterized Intentional Infliction of emotional distress as a 'torts of outrage' and that in order to qualify as such the

---

[4]*Plaintiff also challenges the magistrate judge's statement that he failed to demonstrate that "these department heads could force the DOC, the governor, or the Warden to take measures to abate the alleged unconstitutional conditions." Doc. #40, p. 10. The court does not have to resolve that issue to determine the sufficiency of plaintiff's claims against Cline and Doke.*

[5]*See Savage, 2016 WL 5416360, at *5 n.7.*

acts complained of must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community").[6]

Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Erwin and **DISMISSES** with prejudice plaintiff's claims against defendants Hickman, Bingman and Jolley, pursuant to 28 U.S.C. § 1915A(b)(2), and **DISMISSES** without prejudice his claims against defendants Cline and Doke, pursuant to 28 U.S.C. § 1915A(b)(1).

The matter will be referred back to the magistrate judge for further disposition with respect to plaintiff's remaining claims against defendants Fallin, Bryant and Patton.

**IT IS SO ORDERED**.

Dated this 17th day of January, 2017.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[6]*Such a claim, if properly pled, would involve acts that would remove the officer's conduct from the scope of his employment and relieve the State of liability under the Oklahoma Governmental Tort Claims Act.* Shaw v. City of Oklahoma City, *380 P.3d 894, 897 (Okla.Civ.App. 2016); see 51 Okla. Stat. § 153.*